UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.: 1:21-CV-20159-JEM

JOANNA KRUPA and TARA LEIGH PATRICK
a/k/a CARMEN ELECTRA,

   Plaintiffs,

v.

TUNIDOR, INC. d/b/a EROTICA CABARET,

   Defendant.

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR STAY [DE 18]**

Defendant Tundidor, Inc. d/b/a Erotica Cabaret respectfully responds in opposition to Plaintiffs' Motion for a Stay of All Fact and Expert Discovery and All Other Matters in this Action [DE 18] ("Motion").

1. This is an intellectual property action whereby Plaintiffs have alleged misappropriation of their images and likeness. On September 3, 2021, Defendant's insurance carrier, The Princeton Excess and Surplus Lines Insurance Company, filed a Complaint for Declaratory Relief pertaining to the applicable insurance policy. *See* Case No. 1:21-cv-23204 (S.D. Fla. 2021).

2. Subsequent to the declaratory action being filed, on September 20, 2021, Plaintiffs filed their Motion, seeking to stay the entire the case, including discovery and trial, pending resolution of the declaratory action. In sum, Plaintiffs argue that a stay in this matter is appropriate because "[i]t is evident that the subject action would be disposed before the Declaratory action . .

. [because] this matter's deadlines will be much more ahead than the Declaratory Action's potential deadlines." Notwithstanding Defendants disagreement with such assertion, Plaintiffs also fail to provide ultimate facts in support of the four-part test courts in this district must undergo when determining whether a stay is appropriate, instead relying on case law not applicable to the facts herein. Accordingly, Plaintiff's motion should be denied.

3. First, Plaintiffs recite the test for whether a stay is appropriate, as outlined in *Guirola-Beeche v. U.S. Dep't of Justice*, 662 F.Supp. 1414, 1417-18 (S.D. Fla. 1987) but fail to provide ultimate facts in support of any of those elements. Indeed, Plaintiffs have provided no factual support for (1) the likelihood by which Plaintiffs would prevail on the merits; (2) the extent by which Plaintiffs would be irreparably harmed were the stay not entered; (3) the harm to Defendant if the stay were issued; and (4) whether the issuance of a stay in this action would serve the public interest. *See Id*. Plaintiffs have recited the appropriate test but fail to explain how it applies to the instant matter.

4. Next, Plaintiffs rely on inapplicable case law. Plaintiffs rely on the *Chudasama* case wherein the court held that a stay of discovery *may* be warranted when a pending dispositive motion in that case will dispose of the entire case and thereby eliminate the need for discovery. 123 F.3d 1353, 1368 (11th Cir. 1997). Plaintiffs' reliance on this case is misplaced because there are no pending dispositive motions in *this* case. Moreover, the outcome of the declaratory action will not determine whether discovery is needed in this case.

5. Plaintiffs assert that a prompt determination of coverage *potentially* benefits the insured, whereas the plaintiff *certainly* benefits from a resolution of coverage *in favor* of the insured. Such assertions are outcome-based. These benefits apply only if coverage is actually found. There is clearly no benefit to the Defendant.

6. Plaintiff further argues that "no potential harm would befall the Plaintiffs or the Defendant or any party if the instant Motion is granted". Defendant disagrees. If a stay is granted, Defendant can no longer defend the merits of this case, that of which it believes it has meritorious defenses, and must then wait with this case looming while it is determined whether Defendant will ultimately have to cover its own costs of this litigation.

7. Finally, Plaintiff argues that Defendant will be forced to spend resources defending the case if a stay *were not* granted. This assertion, however, is also misplaced. Whether or not the coverage is found, the Defendant would still need to defend the case.

WHEREFORE, Defendant Tundidor, Inc. d/b/a Erotica Cabaret respectfully requests this Court deny Plaintiff's Motion and for any other and further relief this Court deems just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of October 2021, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

        COLE, SCOTT & KISSANE, P.A.
        *Counsel for Defendant*
        Cole, Scott & Kissane Building
        9150 South Dadeland Boulevard, Suite 1400
        P.O. Box 569015
        Miami, Florida 33256
        Telephone (305) 350-5338
        Facsimile (305) 373-2294
        Primary e-mail: edward.polk@csklegal.com
        Secondary e-mail: marc.rapaport@csklegal.com

By:  s/ Marc A. Rapaport
     EDWARD S. POLK
     Florida Bar No.: 239860
     MARC A. RAPAPORT
     Florida Bar No.: 1008359

2018.0664-00/-1