UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 1:21-cv-20159-JEM

JOANNA KRUPA, *et al.*,

     Plaintiffs,

v.

TUNDIDOR, INC. d/b/a EROTICA CABARET

     Defendant.

_____/

### PROPOSED INTERVENOR THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF JOINING PLAINTIFFS' MOTION TO STAY AND INCORPORATED MEMORANDUM OF LAW

Proposed Intervenor, THE PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY ("PESLIC"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 24, hereby files this Motion to Intervene for the limited purpose of joining the Plaintiffs' motion to stay the instant proceeding pending a determination of the parties' coverage dispute [D.E. 18].  In support of this Motion, PESLIC states as follows:

### I. FACTUAL BACKGROUND

1.     On or about January 15, 2021, Plaintiffs, JOANNA KRUPA ("Ms. Krupa"), and TARA LEIGH PATRICK a/k/a CARMEN ELECTRA ("Ms. Electra") brought the instant lawsuit against TUNDIDOR, INC. d/b/a EROTICA CABARET ("Tundidor") (hereafter, the "Liability Action").

2.     PESLIC issued a Commercial General Liability insurance policy to Tundidor bearing policy number 1RA3GL0000198-02 for the policy period November 26, 2016 to November 26, 2017 (the "Policy").

3.     This Liability Action was tendered to PESLIC by Tundidor for defense and indemnity.  PESLIC is currently defending Tundidor against the claims alleged against it in this Liability Action subject to a reservation of rights.

4.     On or about September 3, 2021, PESLIC filed a Complaint for Declaratory Judgment against Ms. Krupa, Ms. Electra and Tundidor in this Court in a lawsuit styled *The Princeton Excess and Surplus Lines Ins. Co. v. Krupa, et al.*, Case No. 21-23204-CIV-WILLIAMS (hereafter, the "Coverage Action").

5.     In the Coverage Action, PESLIC seeks a determination of the rights and obligations of the parties under the Policy in connection with the allegations asserted by the Plaintiffs against Tundidor in this Liability Action. Specifically, PESLIC seeks a declaration that: (a) it does not owe a duty to defend Tundidor in this Liability Action; and (b) it does not owe a duty to indemnify Tundidor for any damages awarded or judgments entered in connection with this Liability Action.

6.     On September 20, 2021, the Plaintiffs, Ms. Krupa and Ms. Electra, moved this Court for the entry of an order staying all fact and expert discovery and all other matters in this Liability Action to allow the parties the opportunity to litigate the Coverage Action (the "Motion to Stay").  (*See* D.E. 18).

7.     Tundidor opposed the Motion to Stay on October 4, 2021 (D.E. 19) on the basis that, *inter alia*: "[i]f a stay is granted, Defendant [Tundidor] can no longer defend the merits of this case, that of which it believes it has meritorious defenses, and must then wait with this case looming while it is determined whether Defendant will ultimately have to cover its own costs of

this litigation [and that] [w]hether or not the coverage is found, the Defendant would still need to defend the case."  (*See* D.E. 19 at ¶¶ 6, 7).

8.      PESLIC respectfully seeks to intervene for the limited purpose of joining the Plaintiffs' Motion to Stay this Liability Action until after the Coverage Action is resolved.  As discussed in greater detail below, a stay pending a determination on coverage under the Policy would be in the interest of judicial and litigant economy and will not result in any prejudice to any Party.

## II. MEMORANDUM OF LAW

**A.**     <u>**Standard of Review.**</u>

9.      Federal Rule of Civil Procedure 24 allows for both intervention as a matter of right and permissive intervention.  *See* Fed. R. Civ. P. 24.

10.     Rule 24, Fed. R. Civ. P., provides in relevant part:

**(a) Intervention of Right.** On timely motion, the court must permit anyone to intervene who:

**(1)** is given an unconditional right to intervene by a federal statute; or

**(2)** claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

**(b) Permissive Intervention.**

**(1)** *In General.* On timely motion, the court may permit anyone to intervene who:

**(A)** is given a conditional right to intervene by a federal statute; or

**(B)** has a claim or defense that shares with the main action a common question of law or fact.

….

**(3)** *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

*See* Fed. R. Civ. P. 24.

11.     A party seeking to intervene as of right under Fed. R. Civ. P. 24(a)(2) must show that: "'(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that the disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; (4) his interest is represented inadequately by the existing parties to the suit." *Cincinnati Specialty Underwriters Ins. Co. v. KNS Group, LLC*, No. 20-61349-CIV-DIMITROULEAS, 2021 WL 1215878, at *1 (S.D. Fla. Jan. 12, 2021) (quoting *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989)). "If the proposed intervenor establishes each of the four requirements, 'the district court has no discretion to deny the motion.'"

12.     To permissibly intervene under Rule 24(b)(1)(B), an intervenor must show that "'(1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common.'" *Id.*  In addition, to permit intervention under Rule 24(b) the Court must consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."  *See* Fed. R. Civ. P. 24(b)(3).

13.     A review of the facts and circumstances surrounding this matter evidence that PESLIC has sufficient interests to support both intervention as a matter of right and permissive intervention under Fed. R. Civ. P. 24(a)(2) and (b)(1)(B).

**B.**     **PESLIC Should be Allowed to Intervene in this Liability Action as a Matter of Right for a Limited Purpose Pursuant to Fed. R. Civ. P. 24(a).**

14.     First, PESLIC is seeking to intervene before any dispositive motions have been filed by any of the parties and prior to the close of discovery.  Accordingly, none of the parties

will be prejudiced by PESLIC intervening now and PESLIC's Motion to Intervene should be considered timely.

15.     Second, PESLIC clearly has an interest in this Liability Action as it is providing Tundidor with a defense against the allegations asserted in this lawsuit and, as a result, is expending significant costs with respect to Tundidor's defense. The Coverage Action initiated by PESLIC seeks a declaratory judgment that PESLIC does not owe either a duty to defend or a duty to indemnify Tundidor in connection with the instant action. The import of having coverage determined in advance of the issues involving liability has been explained by a Florida court as follows:

> Generally, an insurance carrier should be entitled to an expeditious resolution of coverage where there are no significant, countervailing considerations. A prompt determination of coverage potentially benefits the insured, the insurer and the injured party. If coverage is promptly determined, an insurance carrier is able to make an intelligent judgment on whether to settle the claim. If the insurer is precluded from having a good faith issue of coverage expeditiously determined, this interferes with early settlement of claims. The plaintiff certainly benefits from a resolution of coverage in favor of the insured. On the other hand, if coverage does not exist, the plaintiff may choose to cut losses by not continuing to litigate against a defendant who lacks insurance coverage.

*State Farm Fire & Cas. Co. v. Higgins*, 788 So. 2d 992, 1004 (Fla. 4th DCA 2001) (quoting *Britamco Underwriters, Inc. v. Central Jersey Invs., Inc.*, 632 So. 2d 138, 141 (Fla. 4th DCA 1994)).  These policy considerations support granting PESLIC's Motion to Intervene.

16.     Third, the disposition of this Liability Action will inevitably impede or impair PESLIC's interests.  For instance, the Court in the Coverage Action may determine that PESLIC does not have a duty to defend or indemnify Tundidor against the allegations brought by the Plaintiffs in the instant lawsuit under the plain language of the Policy.  Accordingly, continuing to litigate the Liability Action during the pendency of the Coverage Action could prejudice PESLIC

as it will be required to continue to expend resources, incur costs, and potentially even settle claims for which no indemnification is required.  *See Indem. Ins. Co. of N. Am. v. Ridenour*, 629 So. 2d 1053, 1054 (Fla. 2d DCA 1993) (explaining that determination of the duty to defend should be done expeditiously "since providing a defense where no obligation to do so exists has been recognized as 'irreparable injury'") (citing *State Farm Fire & Cas. Co. v. Nail*, 516 So. 2d 1022, 1023 (Fla. 5th DCA 1987)).

17.     Lastly, none of the parties to this Liability Action can adequately protect PESLIC's interest.  Although the Plaintiffs have filed the Motion to Stay with respect to first obtaining a determination as to coverage under the Policy, Tundidor has opposed that motion.  Moreover, neither the Plaintiffs nor Tundidor has any incentive to protect PESLIC's rights with respect to the cost of defending Tundidor in this lawsuit.  Indeed, Tundidor's opposition to the Motion to Stay asserts, "[w]hether or not the coverage is found, the Defendant [Tundidor] would still need to defend the case."  (D.E. 19, ¶ 7).  However, Tundidor is not presently defending itself with its own monies.  The fees being expended by PESLIC is a concern that is distinct to PESLIC. Finally, a decision on coverage under the Policy could promote a settlement and avoid the possibility of collusive actions between the Plaintiffs and Tundidor, the insured. *See, e.g.*, *Nat'l Specialty Ins. Co. v. Pat Auto Transp. Inc.*, 3:15CV138/MCR/EMT, 2015 WL 12915575, at *2 (N.D. Fla. Aug. 10, 2015) ("'Insurers should be entitled to an expeditious ruling on coverage; a prompt determination of coverage is in the best interests of the insurer, the insured and the injured party.'") (quoting *FCCI Commercial Ins. v. Armour,* 132 So. 3d 864, 866 (Fla. 2d DCA 2014)).

18.     For each of these reasons, PESLIC satisfies the requirements of Rule 24(a) and should be permitted to intervene in this action as of right for the limited purpose of joining Plaintiffs' Motion to Stay.

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

**C.**   **Alternatively, PESLIC Should be Permitted to Intervene in this Liability Action for a Limited Purpose Pursuant to Fed. R. Civ. P. 24(b).**

19.   In the event this Court determines that PESLIC is not permitted to intervene as a matter of right under Rule 24(a), Fed. R. Civ. P., PESLIC should, alternatively, be permitted to intervene in this case pursuant to Rule 24(b), Fed. R. Civ. P.

20.   First, as demonstrated in Section II.B. of this motion, *supra*, PESLIC's motion to intervene is timely as it was promptly filed shortly after Plaintiffs' Motion to Stay and while this case is still in the early stages of litigation.

21.   Additionally, the Coverage Action and the Liability Action clearly share common questions of law and fact.  That is, the allegations asserted against Tundidor in this Liability Action arise out of Tundidor's alleged unauthorized uses of the Plaintiffs' images and likenesses to advertise, promote and market Tundidor's own business interests on its social media accounts without the Plaintiffs' approval, consent or remuneration. *See, e.g.*, D.E. 1, ¶ 12.  In the Coverage Action, PESLIC contends that the allegations asserted against Tundidor by the Plaintiffs in the Liability Action fall squarely within the Policy's Endorsement titled "EXCLUSION – LIBEL, SLANDER, DISPARAGEMENT, PRIVACY VIOLATION AND ADVERTISING INJURY ARISING OUT OF EXHIBITIONS AND RELATED MARKETING".

22.   "Under Florida law, the issue of an insurer's duty to defend a lawsuit against its insured is governed by the terms of the policy and the allegations of the complaint." *Chestnut Assocs., Inc. v. Assurance Co. of Am.*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla. 2014).  "The general rule for an insurer's duty to defend is that 'an insurer has a duty to defend unless (1) all the claims in the underlying suit do not fall within the grant of coverage, or (2) "the complaint shows the applicability of a policy exclusion" as to all claims within the broad scope of coverage.'" *Starr*

KAPLAN ZEENA LLP
2 South Biscayne Boulevard, Suite 3050, Miami, Florida 33131
Tel: (305) 530-0800 Fax: (305) 530-0801

*Indem. & Liab. Co. v. Miami Chocolates*, 337 F. Supp. 3d 1216, 1222 (S.D. Fla. 2018) (citations omitted). "After reviewing the insurance policy, the court 'must look to the allegations contained within the four corners of the complaint in the underlying action against the insured.'" *Id*. (citations omitted). "'If the allegations in the [underlying] complaint state facts that bring the injury within the policy's coverage, the insurer must defend regardless of the merits of the lawsuit.'" The reverse is also true: if the allegations do not warrant coverage, the insurer need not defend regardless of the merits of the underlying lawsuit." *Id*. (citations omitted). Accordingly, the allegations and defenses asserted in this Liability Action not only have common questions of law and fact to the Coverage Action, but the allegations contained in this Liability Action will likely determine the outcome of the Coverage Action.

23.     Finally, the limited intervention being sought by PESLIC will not unduly delay or prejudice the parties to this lawsuit. PESLIC only seeks to intervene for the limited purpose of joining in the motion for a stay that has been filed by the Plaintiffs that initiated this action. Since the Plaintiffs are in favor of having the issue of coverage resolved in advance of liability, they will not be prejudiced by any delay in having their claims against Tundidor decided. Likewise, Tundidor will not be prejudiced since it will not have to expend any amounts in defending itself in the interim.

24.     Permissive intervention is therefore warranted.

### III. CONCLUSION

For each of the foregoing reasons, The Princeton Excess and Surplus Lines Insurance Company respectfully requests that this Court:

(a) allow it to intervene in this action pursuant to Fed. R. Civ. P. 24 for the limited purpose of joining the Plaintiffs' Motion to Stay;

(b) stay all proceedings in this Liability Action pending resolution of the related and pending Coverage Action before this Court; and

(c) grant such other relief as the Court may deem just, proper and equitable under the circumstances.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1</u>

Counsel for the movant hereby certifies that counsel has conferred with all parties who may be affected by the relief sought in this Motion in a good faith effort to resolve the issues raised in the Motion and has been unable to do so. Counsel for the Plaintiffs has agreed to the relief sought; however, counsel for Tundidor does not agree to the relief being sought.

Dated this 14th day of October 2021.

Respectfully submitted,

**KAPLAN ZEENA LLP**
*Attorneys for Proposed Intervenor,*
*The Princeton Excess and Surplus*
*Lines Insurance Company*
2 South Biscayne Blvd.
Suite 3050
Miami, Florida 33131
Telephone:  (305) 530-0800
Facsimile:  (305) 530-0801

By: _____
JAMES M. KAPLAN
Florida Bar No.:921040
james.kaplan@kaplanzeena.com
elizabeth.salom@kaplanzeena.com
KIMBERLY S. HEIFFERMAN
Florida Bar No.: 055996
kimberly.heifferman@kaplanzeena.com
julie.valdes@kaplanzeena.com
cheryl.mingo@kaplanzeena.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that the foregoing was electronically filed with the United States District Court for the Southern District of Florida on October 14, 2021 using the Court's CM/ECF system, which will automatically send email notification of such filing to the attorneys of record.

James M. Kaplan